

The following constitutes the order of the Court.
Signed: March 1, 2022

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Sean Killen,<br><br>                    Debtor.<br>_____<br>Nathan DeSomber,<br><br>                    Plaintiff.<br><br>v.<br><br>Sean Killen,<br><br>                    Defendant.<br>_____ | Case No. 21-51098 MEH<br><br>Chapter 7<br><br><br><br><br><br>Adv. No. 21-05052<br><br><br><br>Trial Date<br>Date:   September 6, 2022<br>Time:   9:00 a.m.<br><br>Hearing will be conducted either<br>    (1) as a video hearing through Zoom <u>or</u><br>    (2) in person at:<br>         280 S. First Street, Courtroom 11<br>         San Jose, CA 95113 |

## TRIAL SCHEDULING ORDER

On February 28, 2022, the court held a trial scheduling conference in the above-captioned matter.  Appearances were as noted on the record.

1

Upon due consideration, the court hereby establishes the following schedule and procedures:

| | |
|---|---|
| Fact discovery cutoff date: | July 26, 2022 |
| Last Day to hear discovery motions: | July 26, 2022 |
| Expert witness discovery cutoff date and expert disclosures made by: | No expert witness discovery to be conducted. |
| Parties pre-trial meet and confer by: | August 12, 2022 |
| Exchange witness list and exhibits by: | August 12, 2022 |
| File joint pre-trial conference statement by: | August 16, 2022 |
| Pre-Trial Conference date: | August 23, 2022 @ 2:00 p.m. |
| File and serve trial brief and date to send copies of the exhibits to the court (by email, flash drive, or CD): | September 2, 2022 |
| Trial date: | September 6, 2022 @ 9:00 a.m. |

1.  **MOTIONS FOR SUMMARY JUDGMENT**

Counsel should be familiar with the filing and timing requirements for motions under B.L.R. 7007-1. No separate statement of undisputed facts is required under the Federal Rules or Bankruptcy Local Rules.

2.  **PARTIES' PRE-TRIAL MEET AND CONFER**

Counsel shall meet and confer (in person, or by telephone, and not solely by email) to discuss the conduct of the trial in this matter by the deadline established above. At the conclusion of their meeting, counsel shall prepare a Joint Pre-Trial Conference Statement, which includes <u>concise</u> and <u>specific</u> responses to <u>each of the following matters</u>:

A.  The following facts are admitted and require no proof

B.  The following issues of fact, and no others, remain to be litigated

C.  The following issues of law, and no others, remain to be litigated

D.  The appropriate measure of damages is

E.  The parties have exchanged lists of witnesses to be called at trial

F.  The parties have exchanged all other non-testimonial evidence to be used at trial, including documents, expert reports, physical evidence

G.  The parties have stipulated to the admission of the following documents for all purposes

H.  The parties have objections to the following documents (including the general nature of the objection)

I.  Other matters that might affect the trial (Set forth additional matters, such as anticipated motions in limine, special scheduling of witnesses, objections to proposed testimony, etc.)

If the parties do not agree on a joint response to any of the above, they should set forth each side's position clearly and concisely.

Counsel need not disclose evidence that will be presented as impeachment of any witness. Counsel should be clear that impeachment is a fairly narrow category of evidence.

3.  **PARTIES MEET AND CONFER REGARDING REMOTE TRIAL PROCEDURES**

Counsel are invited to contact Judge Hammond's courtroom deputy approximately a month before trial to determine whether trial will be conducted in person or by Zoom. If the trial is to be conducted by Zoom, counsel shall also meet and confer (in person, or by telephone, and not solely by email) to discuss the conduct of this trial by Zoom, with attention to the following issues:

A.  Counsel access to technology:

3

1. Will each counsel be able to participate in the hearing with a sufficiently large computer monitor or multiple screens? A larger screen provides space to view the witness, manage exhibits, and view an outline of questions for the witness.
2. Does the computer have a built-in camera and microphone? Will you need to use a headset or external camera?
3. Is there another individual that can help manage the exhibits?

B. Witness access to technology:
1. What type of device is available to the witness? Zoom works with computer monitors, tablets, and smart phones. However, documents presented on smaller screens may be difficult for some witnesses to read.
2. If the witness will use a computer, does it have a built-in camera and microphone?
3. Does the witness have access to a second computer that would allow them to view the exhibits separately from the Zoom screen?
4. Will the witness be able to testify without another person in the room where the witness is testifying? Will the witness be able to find and open an exhibit?

C. Presentation of Exhibits: The court's preference is for all parties to use electronic exhibits provided in advance of trial with the following procedures:
1. Counsel will prepare electronic exhibits that are distributed to opposing counsel, all witnesses, and the court prior to hearing. Exhibits to be used only for impeachment or rebuttal will be emailed to and thereby lodged with the courtroom deputy at the same time as other exhibits are distributed.
2. Witnesses will view the exhibits on a separate electronic device during questioning.
3. Counsel may also elect to use the Zoom "share screen" feature for some or all exhibits.

Case: 21-05052    Doc# 27    Filed: 03/01/22    Entered: 03/02/22 10:10:16    Page 4 of 12

D.  Preparation of Electronic Exhibits:

1. Each counsel shall provide an initial .pdf file containing a list of the exhibits, identifying each exhibit by exhibit number or letter and a brief description. A separate .pdf file is required for each exhibit.
2. Each exhibit shall be a separate .pdf file named sequentially. Plaintiff's exhibits shall be numbered as follows: P_Ex_1, P_Ex_2, etc. Defendants' exhibits shall be lettered as followed: D(specific Defendant reference)_Ex_1, D(Ref)_Ex_2, etc.
3. Lengthy exhibits should be bookmarked for counsel, witness, and the court to readily access the relevant portion(s) of the exhibit.

**4.  JOINT PRE-TRIAL CONFERENCE STATEMENT**

Counsel shall file a Joint Pre-Trial Conference Statement by the deadline set forth above. The statement shall include the following elements:

A.  Responses to all matters addressed in Paragraph 1, above;

B.  Each party's List of Exhibits to be Offered at Trial; and

C.  Each party's List of Witnesses to be Offered at Trial.

<u>Witnesses and exhibits omitted on these lists will be excluded</u>. The operative pleadings (complaint and answer) will be deemed superseded by the parties' Pre-Trial Conference Statement.

**5.  THE COURT'S EXPECTATIONS REGARDING PARTIES' PRE-TRIAL MEET AND CONFER AND PRE-TRIAL CONFERENCE STATEMENT**

Proper preparation for trial, including appropriate participation in the pre-trial process, makes for better trials and better results. Counsel must participate meaningfully in the Parties' Pre-Trial Meet and Confer.

5

Plaintiff's counsel shall have the obligation of setting up the Parties' Pre-Trial Meet and Confer and drafting the initial Joint Pre-Trial Conference Statement. Defendants' counsel shall be available for the Parties' Pre-Trial Meet and Confer and shall review the Joint Pre-Trial Conference Statement promptly and shall supply comments as necessary. Plaintiff's counsel shall file the completed document on time and in a satisfactory state.

<u>If counsel fail to cooperate with each other in conducting the Parties' Pre-Trial Meet and Confer, or in preparing the Pre-Trial Conference Statement, they and the parties should expect the court will assess sanctions set out below on fault.</u>

6. **PRE-TRIAL CONFERENCE**

A Pre-Trial Conference will be conducted either in person or by Zoom at the date and time provided above.

<u>Trial counsel shall appear in person.</u>

The court will discuss in detail the matters set forth in the Joint Pre-Trial Conference Statement. The court will focus in particular on the order of proof, matters of fact and law over which there is no argument, stipulations as to witness and exhibit admissibility, and whether an interpreter may be required for any witness.

7. **TRIAL CONDUCTED BY ZOOM VIDEO CONFERENCING**

A. <u>Potential need for a video trial</u>:

At this time, the Court is closed but anticipated to be open for in-person appearances after March 1, 2022. However, if the court is closed to an in-person trial at such time due to the dangers presented by the COVID-19 pandemic, then in accordance with Federal Rule of

6

Civil Procedure ("FRCP") 43(a), made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 9017, for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely testify at this Trial, through the use of video conferencing technology.

Further, the Court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of FRCP 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

B. <u>Remote Witness Testimony</u>:

Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness"). The court finds that appearance as a Remote Witness satisfies compliance with a trial subpoena in accordance with FRCP 45(c), made applicable by FRBP 9016.

> 1. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

Case: 21-05052    Doc# 27    Filed: 03/01/22    Entered: 03/02/22 10:10:16    Page 7 of 12

2. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.

3. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibit submitted by the parties pursuant to Paragraph 4 above [and any declaration submitted in lieu of direct testimony], and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

C. Courtroom Formalities:

Although conducted using video conferencing technology, the Trial constitutes a court proceeding. No person shall record— from any location or by any means—the audio or video of the Trial. The audio recording created and maintained by the Court shall constitute the official record of the Trial. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

D. Technical Pre-Trial Conference:

Counsel for each party, and any staff that will be assisting counsel at trial, are encouraged to schedule a time with Judge Hammond's courtroom deputy, Anna Rosales, to familiarize themselves with the use of Zoom and presentation of exhibits prior to trial.

8

## 8. TRIAL CONDUCTED IN PERSON

The parties are required to present their evidence electronically.

Each party shall provide the court with two copies of a CD or flash drive, or send an email with all of the exhibits the party intends to present by the date set forth above.

Each counsel shall provide a separate, initial .pdf file containing a list of the exhibits, identifying each exhibit by exhibit number or letter and a brief description. The .pdf files shall be named sequentially. Plaintiff's exhibits shall be numbered as follows: P_Ex_1, P_Ex_2, P_Ex_3, etc. Defendants exhibits shall be lettered as follows: D_Ex_A, D_Ex_B, D_Ex_C, etc. Lengthy exhibits should be bookmarked, so as to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

Counsel for each party, and any staff that will be assisting counsel at trial, are encouraged to schedule a time with Anna Rosales to familiarize themselves with the court equipment prior to trial. Counsel should verify they are able to connect their equipment to the court monitors and practice the selection and presentation of evidence within the courtroom. If counsel anticipates a witness comparing two exhibits, then counsel should determine whether a split screen presentation is possible.

At trial, it is the responsibility of each party to broadcast an exhibit during any period in which its attorney is questioning a witness. Counsel may be assisted by any non-court party in this process.

## 9. TRIAL BRIEFS

By the date set forth above, each party must, (1) serve and file a trial brief (providing chambers copies by email if the trial brief exceeds 10 pages), which brief shall include (a) a discussion of the elements of each cause of action, including citation to controlling authority, and (b) a discussion of the legal basis and calculation for each type of damage requested in the

9

complaint. Trial briefs shall not exceed fifteen (15) pages without prior permission of the court.

### 10. TRIAL DATE

Trial will commence in person or by Zoom video conferencing at the date and time noted above.

Seven calendar days before the trial date counsel shall inform the courtroom deputy (Anna Rosales at 408-278-7581) whether the parties have settled.

### 11. WITNESSES

<u>Unavailability</u>

Counsel must take appropriate steps to ensure witnesses are available for trial. If necessary, witnesses must be subpoenaed. Unrepresented parties must obtain subpoenas in advance from the Clerk's Office and ensure they are served on witnesses in a timely way.

<u>Form of Testimony</u>

Any party may, as to any witness, present the direct examination testimony of such witness by filing and serving a declaration under penalty of perjury signed by the witness, if (a) such declaration is filed and served at least three (3) business days prior to the trial, and (b) the witness is present in court for cross-examination on the day of trial. This paragraph does not preclude either party from calling any witness for direct examination by means of live testimony.

### 12. FAILURE TO COMPLY WITH OBLIGATIONS UNDER THIS ORDER

The court takes trial seriously and expects counsel to do the same.

<u>Continuances</u>

Counsel should be aware that the court will not grant continuances of trial dates absent compelling circumstances beyond the parties' or counsel's control. The unavailability of parties, counsel, experts, or other necessary individuals will not constitute cause to continue a trial. Stipulations to continue a trial do not bind the court.

Failure to comply with pre-trial requirements – including failing to file exhibits, witness lists, and trial briefs – will not result in a trial being reset, but will result in appropriate sanctions, as below.

<u>Failure to Participate in Pre-Trial Process and to Complete Required Filings</u>

Depending on fault and circumstances, the court may (1) enter judgment against the offending party; (2) exclude evidence; (3) impose sanctions against a party; (4) impose sanctions against counsel; (5) dismiss a matter or proceeding; or (6) enter any other order or sanction permitted by law.

***END OF ORDER***

**COURT SERVICE LIST**

<u>Via ECF:</u>

All ECF Recipients