1  Steven M. Olson, Esq.
       State Bar No. 146120
2  Jacob M. Faircloth, Esq.
       State Bar No. 305390
3  BLUESTONE FAIRCLOTH & OLSON, LLP
   1825 4th Street
4  Santa Rosa, CA 95404
   Telephone: (707) 526-4250
5  Email: steve@bfolegal.com
   Attorneys for Plaintiff Nathan DeSomber

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re | Case No. 21-51098-MEH |
| | (Chapter 7) |
| SEAN KILLEN, | |
|    Debtor. | |
| _____ / | |
| NATHAN DESOMBER, | A.P. No. 21-05052-MEH |
|    Plaintiff, | Date of Hearing: May 2, 2022 |
| v. | Time: 11:00 a.m. |
| | Location: via teleconference or ZOOM |
| SEAN KILLEN, | |
|    Defendant. | |
| _____ / | |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

Plaintiff Nathan DeSomber (the "Plaintiff") submits this Motion to Strike Affirmative Defenses (the "Motion") and respectfully shows as follows:

**I.**

**RELIEF REQUESTED**

The Plaintiff requests that the Court issue an order striking the first two affirmative defenses included in the First Amended Answer to Complaint to Except Debt From Discharge (the "First Amended Answer") filed by Defendant Sean Killen (the "Defendant") on March 7, 2022, as Docket No. 28. The first affirmative defense asserts

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF - Page 1

the Plaintiff has unclean hands because he embezzled funds from the Bernal Heights Cooperative. This, however, is the very statement the Superior Court found was false, warranting damages for the Plaintiff. Issue preclusion bars this affirmative defense. The second affirmative defense asserts the Plaintiff waived his dischargeability claim in the instant bankruptcy case because he elected to accept the $400,000 general damages award in lieu of amending his complaint and pursuing special or punitive damages. First, the defense should be stricken because general damage awards are sufficient to support nondischargeability. Second, the defense should be stricken because Supreme Court authority holds a litigant is not required to make non-bankruptcy litigation decisions with an eye toward a potential future bankruptcy case.

## II.

## SUMMARY OF PROCEEDING STATUS

1. The Defendant filed his voluntary petition for relief in chapter 7 on August 18, 2021. The Plaintiff timely filed his Complaint to Except Debt from Discharge (the "Adversary Complaint") on November 15, 2021. The Plaintiff seeks a judgment from this Court determining the Plaintiff's judgment against the Defendant, in San Francisco Superior Court Case No. CGC-16-555094 (the "Superior Court Action"), is excepted from discharge pursuant to Section 523(a)(6) of the Bankruptcy Code. The judgment in the Superior Court Action was based upon the Superior Court's finding the Defendant had falsely accused the Plaintiff of embezzling funds from the Bernal Heights Cooperative.

2. The Defendant moved to dismiss the Plaintiff's Adversary Complaint, and the Plaintiff cross-moved for summary judgment. The Court's orders on the two motions result in the sole issue in dispute in this proceeding being the "malicious injury" element of the Plaintiff's claim for relief under Section 523(a)(6) of the Bankruptcy Code. The court granted summary adjudication regarding the "willful injury" element of Section 523(a)(6).

3. The first affirmative defense seeks to relitigate the falsity of the

Defendant's defamatory statements about the Plaintiff. The second affirmative defense seeks to relitigate the waiver argument the Court rejected in denying the Defendant's motion to dismiss the Plaintiff's Complaint.

## III.
## ARGUMENT

Federal Rule of Civil Procedure 12(f), incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7012, provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Plaintiff asserts the first affirmative defense is immaterial, impertinent or scandalous because it contravenes the Superior Court's final finding, that the Defendant's allegation of embezzlement by the Plaintiff was false.

The Plaintiff asserts the second affirmative defense is immaterial, impertinent or scandalous because general libel damages are sufficient to support nondischargeability. *Bass v. Tiscareno (In re Tiscareno),* 551 B.R. 1 (Bankr. N. D. Cal. 2016). Furthermore, Supreme Court precedent provides a litigant is not required to try nondischargeability issues "to the hilt in order to protect himself against the mere possibility that a debtor might take bankruptcy in the future." *Brown v. Felsen*, 442 U.S. 127, 135-39, 99 S.Ct. 2205, 2211-13 (1979).

The Plaintiff hereby incorporates the evidence he submitted with his opposition to the Defendant's dismissal motion and his cross-motion for summary judgment.

## IV.
## CONCLUSION

After this Court's orders denying the Defendant's dismissal motion and partially granting the Plaintiff's cross-motion for summary judgment, the remaining dispute for discovery and trial preparation is quite discrete: did the Defendant injure the Plaintiff maliciously when he defamed the Plaintiff? An injury is malicious if it was wrongful, intentional, necessarily caused injury, and was committed without just cause or excuse.

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** - Page 3

Case: 21-05052    Doc# 29    Filed: 03/28/22    Entered: 03/28/22 18:02:21    Page 3 of 4

*Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208.

Here, the summary adjudication awarded to the Plaintiff on the "willful injury" element also encompasses all but the "committed without just cause or excuse" element for malicious injuries. Thus, the focus for trial should be limited to whether the Defendant had just cause or excuse when he falsely accused the Plaintiff of embezzlement.

The Defendant's first two affirmative defenses unnecessarily complicate this proceeding, bringing in items that are "immaterial, impertinent or scandalous," and adding unnecessary expense to discovery and trial preparation.

WHEREFORE, the Plaintiff respectfully requests that the Court:

1. Grant this motion to strike; and
2. Grant the Plaintiff such other relief, at law or in equity, to which he may be justly entitled.

Dated: March 28, 2022       BLUESTONE FAIRCLOTH & OLSON, LLP

BY: _/S/ Steven M. Olson_____
       Steven M. Olson
       ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** - Page 4

Case: 21-05052    Doc# 29    Filed: 03/28/22    Entered: 03/28/22 18:02:21    Page 4 of 4