GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor/Defendant
Sean Killen

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

|  |  |
|---|---|
| In re<br><br>SEAN KILLEN,<br><br>                Debtor.<br><br>―――――――――――――――<br><br>NATHAN DESOMBER,<br><br>                Plaintiff,<br><br>    v.<br><br>SEAN KILLEN,<br><br>                Defendant. | Case No. 21-51098-MEH<br><br>Adv. Case No. 21-05052<br><br>Chapter 7<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Hearing<br>Date:    May 2, 2022<br>Time:    11:00 a.m.<br>Place:    Courtroom 11, U.S. Courthouse, 280 S 1st Street, San Jose, CA 95113 or via Zoom<br><br>Judge:   M. Elaine Hammond |

Sean Killen, Debtor and Defendant in the above-captioned case hereby submits this

Opposition to Plaintiff's Motion to Strike Affirmative Defenses, filed by Plaintiff Nathan

Desomber:

1

Case: 21-05052    Doc# 32    Filed: 04/18/22    Entered: 04/18/22 13:00:59    Page 1 of 7

# I.    <u>INTRODUCTION</u>

On March 28, 2022, Plaintiff Nathan DeSomber ("Plaintiff") filed a Motion to Strike Affirmative Defenses requesting an order striking Defendant Sean Killen's ("Defendant") first two affirmative defenses of his First Amended Answer to Complaint to Except Debt from Discharge ("First Amended Answer"). Plaintiff avers Defendant's first two affirmative defenses of unclean hands and wavier are immaterial, impertinent or scandalous.

The affirmative defenses of unclean hands and waiver were properly pled in Defendant's First Amended Answer. Both affirmative defenses set forth a short and plain statement of the grounds for a defense directly related to this action, satisfy the notice pleading standard of Rule 8, and are permissible under Rule 12. Fed.R.Civ.P. 8, 12. They are neither immaterial, impertinent, or scandalous. Defendant respectfully requests Plaintiff's Motion to Strike Affirmative Defenses be denied. In the alternative, Defendant respectfully requests leave to further amend his Answer.

# II.    <u>ARGUMENT</u>

Motions to strike are disfavored and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F.Supp.820, 830 (N.D. Cal. 1992). *See also Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (motions to strike are regarded with disfavor and striking a party's pleadings is an extreme measure). Motions to strike are further disfavored "because they are often used as delaying tactics…" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015), *citing Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

Pleadings and claims for relief are governed by Federal Rule of Civil Procedure 8 with

Case 21-05052   Doc 32   Filed 04/18/22   Entered 04/18/22 13:00:59   Page 2 of 7

Defenses; Admissions and Denials are governed by sub-section (b), with Affirmative Defenses further described in sub-section (c). Rule 8(b) requires the pleading "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). To survive a motion to dismiss a pleading must contain sufficient factual matter, which, if accepted as true, is sufficient to "state a claim to relief that is plausible on its face." *Ball Atl. Corp. v. Twombly* 550 U.S. 544, 570 (2007). A claim is facially plausible when the facts pled allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The claim does not have to be probable, but it must have "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Although the Ninth Circuit has not addressed whether the *Twombly/Iqbal* heightened pleading standard applies to motions to strike affirmative defenses, the Court agrees with the many judges in this district who have found that it does." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 U.S. Dist. LEXIS 81508 at *3 (N.D. Cal. May 26, 2017); *See*, e.g., *Hernandez v. County of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) ("Most district courts in this circuit agree that the heightened pleading standard of *Twombly* and *Iqbal* … is now the correct standard to apply to affirmative defenses.") (internal quotation marks omitted); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N. D. Cal. 2012) ("Most courts have held that the *Iqbal/Twombly* pleading standards apply to affirmative defenses, such that they must state a plausible claim for relief.").

Before a motion to strike affirmative defenses is granted, the court must be convinced that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ramirez v. Ghilotti Bros.*, 941 F.

Supp. 2d 1197, 1204 (N.D. Cal. 2013) (*quoting Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 U.S. Dist. LEXIS 26467 at *3, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007)).

The Court may strike a defense that is "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). For an allegation to be "immaterial," it must have no important relationship to the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *reversed on other grounds*, 510 U.S. 517 (1994). "Impertinent" allegations are those that are not responsive or relevant to issues involved in the action. *Id*. In order to be deemed "redundant" for the purposes of Rule 23(f), the alleged matter must be needlessly repetitive. *Gilbert v. EliLilly Co., Inc.,* 56 F.R.D. 116, 120, n.4 (D.P.R. 1972).

**A. Defendant's First Affirmative Defense for Unclean Hands is Properly Pled**

Defendant's affirmative defense for Unclean Hands is proper. In this case, it is permissible for the Court to consider Plaintiff's conduct when deciding whether a violation has occurred, or how much in damages, if any, to award. In asserting the affirmative defense of "unclean hands" all that is required is that the defense be plausible. *Twombly* at 570.

In *Izett v. Crown Asset Mgmt., LLC,* a number of Defendant's affirmative defenses were struck, with leave to amend, because the defenses did not meet the *Twombly* requirement that the defense be pled with more than just "labels and conclusions" or "formulaic recitation of a cause of action's elements." *Izett v. Crown Asset Mgmt., LLC,* No. 18-cv-05224-EMC, 2018 U.S. Dist. LEXIS 211459 at *5, 2018 WL 6592442 (N.D. Cal. Dec. 14, 2018); *Twombly* at 555; *Iqbal* at 678. As an example, the *Izett* Defendants merely stated that Plaintiff's claims were barred by the statute of limitations without anything further, such as the applicable statute or facts to support an assertion that the claims were time-barred. *Izett* at 6.

In the instant matter, Defendant's claim of unclean hands is described with sufficient

particularity and detail to support a more-than-plausible defense. Defendant's pleading explains the diversion of funds by Plaintiff, the required vote by members of the affected cooperative to remove Plaintiff as an officer, and Plaintiff's ultimate removal.

Plaintiff avers Defendant's first affirmative defense of unclean hands is immaterial, impertinent or scandalous because it contravenes the Superior Court's finding that Defendant's embezzlement allegation by Plaintiff was false. However, this defense is straightforward and speaks to the core of the case. Contrary to Plaintiff's assertion, Defendant can locate no particularized findings of the Superior Court indicating Defendant's allegations of embezzlement by Plaintiff were false, nor has Plaintiff provided citation to such findings in his Motion. The issues before the Superior Court concerned Plaintiff's allegations of Defamation and Libel against Defendant. Defendant did not file an Answer to Plaintiff's Complaint in the Superior Court prior to the entry of default judgment or subsequent judgment following the Court's Prove-up Hearing. Defendant merely litigated the matters related to the initial entry of default judgment.

Plaintiff's request to strike the first affirmative defense should be denied because the defense, as pled, does not meet the standard of being "redundant, immaterial, impertinent or scandalous."

## B. Defendant's Second Affirmative Defense for Waiver is Properly Pled

Defendant properly pled his second affirmative defense for Waiver. Defendant's affirmative defenses are merely required to be plausible. *Twombly* at 570. The affirmative defenses must be more than a formulaic recitation or conclusion. *Twombly* at 555.

Plaintiff avers Defendant's waiver defense is immaterial, impertinent or scandalous as general libel damages are sufficient to support nondischargeability under *Bass*. *Bass v.*

*Tiscareno (In re Tiscareno),* 551 B.R. 1 (Bankr. N.D. Cal. 2016). However, pursuant to 11 U.S.C. Section 523(a)(6), for debt to be determined nondischargeable, it must be willful **and** malicious. 11 U.S.C. § 523(a)(6). In the Motion to Strike, Plaintiff avers that because the Court's Order determining preclusion of the willful element also encompasses all but the "committed without just cause or excuse" element for malicious injuries, the Court's focus for trial should be limited to whether Defendant had just cause or excuse when he claimed Plaintiff embezzled funds. However, limiting the scope to just cause or excuse would be impermissibly waiving Plaintiff's burden to prove each element of malice. Striking this affirmative defense would deny Defendant the opportunity to attack the individual sub-parts encompassing the element of malice.

The Court should deny Plaintiff's request to strike the second affirmative defense to allow discovery to identify the precise issue for trial.

### III.    <u>CONCLUSION</u>

Defendant respectfully requests Plaintiff's Motion to Strike Affirmative Defenses be denied. Should the Court determine any of Defendant's affirmative defenses are subject to a strike order, Defendant respectfully requests leave to amend his Answer.


oo0oo


Dated: April 18, 2022                    LAW OFFICES OF GEOFF WIGGS


<u>/s/ GEOFFREY E. WIGGS</u>
Geoffrey E. Wiggs
Attorney for Debtor/Defendant

6

Case 21-05052    Doc 32    Filed: 04/18/22    Entered: 04/18/22 13:00:59    Page 6 of 7

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1900 S. Norfolk St, Suite 350, San Mateo, California 94403-1171.  On the date set forth below, I served the foregoing documents described as:

1. **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES; and**
2. **CERTIFICATE OF SERVICE**

in the manner indicated below:

**US Mail [C.C.P. 1013(a)]:**  I am readily familiar with the firm's business practices for collection and processing of correspondence for mailing with the United States Postal Service. The addressee(s) shown above is (are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at 1900 S. Norfolk Street, Suite 350, San Mateo, California. The envelope was sealed and placed for collection and mailing with first-class postage on the below date following ordinary business practices

to the addresses listed below:

Steven M. Olson
BLUESTONE FAIRCLOTH & OLSON, LLP
1825 4th Street
Santa Rosa, CA 95404

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **April 18, 2022** at San Mateo, California.

_____